UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK C. OBAH,

                Plaintiff,

  -against-

HUMANITARIAN EMERGENCY RESPONSE &
RELIEF CENTER (HERRC),

                Defendant.

25-CV-3170 (RA) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    On April 11, 2025, pro se Plaintiff Patrick C. Obah commenced this action against Defendant Humanitarian Emergency Response & Relief Center, alleging claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law. (*See* ECF 1, Compl.) On April 23, 2025, Judge Ronnie Abrams granted Plaintiff's request to proceed in forma pauperis ("IFP"), authorizing Plaintiff to proceed without prepayment of fees. (*See* ECF 4, Order.) On May 15, 2025, Judge Abrams ordered the United States Marshals Service ("USMS") to serve the summons and complaint on Defendant. (ECF 6, Order.) The USMS was unable to effect service on Defendant at the address provided in the complaint. (ECF 1, Compl. at 2; ECF 10, Process Receipt.)

    On August 18, 2025, Judge Abrams referred this matter to me general pretrial purposes. (ECF 11, Order of Ref.) On September 3, 2025, I directed Plaintiff to file provide a new address at which the USMS can serve Defendant by October 3, 2025. (ECF 13, Order.) I also extended Plaintiff's deadline to effect service on Defendant until December 2, 2025. (*See id.* at 2.) On

September 15, 2025, Plaintiff filed a letter explaining that Defendant is located at **700 8th Avenue, New York, New York 10036**.

## DISCUSSION

Plaintiff is entitled to rely on assistance from the Court and the USMS to effect service because he is proceeding IFP.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the summons and complaint on Defendant, the Clerk of Court is respectfully requested to complete a USMS Process Receipt and Return form ("USM-285 Form") for Defendant Humanitarian Emergency Response & Relief Center. The Clerk of Court is further requested to issue a summons for Defendant and to deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint upon Defendant.

If a summons and the complaint are not served on Defendant by **December 2, 2025**, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that the plaintiff bears responsibility to request such an extension).

Plaintiff must notify the Court in writing if his address changes, and the Court my dismiss this action if he fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until after the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

## CONCLUSION

The Clerk of Court is respectfully requested to mail an information package to Plaintiff. The Court also directs the Clerk of Court to: (1) issue a summons for Defendant at the address provided in Plaintiff's letter filed at ECF 14; (2) complete a USM-285 Form with the service address for Defendant; and (3) deliver to the USMS all documents necessary to effect service of the summons and complaint on Defendant.

DATED: September 18, 2025
       New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge