UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK C. OBAH,

                   Plaintiff,

    -against-

HUMANITARIAN EMERGENCY RESPONSE &
RELIEF CENTER (HERRC),

                  Defendant.

25-CV-3170 (RA) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pro se Plaintiff Patrick C. Obah is proceeding in forma pauperis ("IFP") in this action. (ECF 4, Order.) On December 10, 2025, I held a status conference during which I informed Plaintiff that the United States Marshals Service ("USMS") had not been able to serve Defendant Humanitarian Emergency Response & Relief Center (HERRC) at the address he previously provided, and that without a valid address for service, the USMS could not effect service on Defendant. (ECF 18, Order.) I subsequently granted Plaintiff until January 5, 2026 to provide the Court with another address to serve Defendant and until March 10, 2026 to serve Defendant. (*Id.*) On January 16, 2026, Plaintiff filed a letter to the Court, which was entered on the docket on January 20, 2026, explaining that Defendant is located at **150 Greenwich Street, 38th Floor, New York, New York, 10007.** (ECF 20, Letter.)

**DISCUSSION**

Plaintiff is entitled to rely on assistance from the Court and the USMS to effect service because he is proceeding IFP.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the summons and complaint on Defendant, the Clerk of Court is respectfully requested to complete a USMS Process Receipt and Return form ("USM-285 Form") for Defendant Humanitarian Emergency Response & Relief Center (HERRC). The Clerk of Court is further requested to issue a summons for Defendant and to deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the complaint upon Defendant.

If a summons and the complaint are not served on Defendant by **March 10, 2026**, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that the plaintiff bears responsibility to request such an extension). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed. Plaintiff is proceeding IFP and could not have served the summons and the complaint until after the Court reviewed the complaint and ordered that the summons be issued. The Court therefore has previously extended Plaintiff's time to serve Defendant.

## CONCLUSION

The Clerk of Court is respectfully requested to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue a summons for Defendant at the address

provided in Plaintiff's letter filed at ECF 20; (2) complete a USM-285 Form with the service

address for Defendant; and (3) deliver to the USMS all documents necessary to effect service of

the summons and complaint on Defendant.

Dated: January 21, 2026
      New York, NY

SO ORDERED,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**