UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK C. OBAH,<br>Plaintiff,<br><br>-against-<br><br>HUMANITARIAN EMERGENCY RESPONSE & RELIEF CENTER<br>Defendant. | 25-CV-03170 (RA) (RFT)<br><br>ORDER OF SERVICE |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff, who is appearing without a lawyer (pro se), bring this action under Title VII of the Civil Rights Act of 1964 and the New York State and City Human Rights Laws, alleging that Defendant, his former employer, discriminated against him on the basis of his race, color, and national origin by terminating his employment, retaliating against him, and harassing him. (*See generally* ECF 1, Compl.) By order dated April 23, 2025, the Court granted Plaintiff's requests to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* ECF 4, Order.)

Because Plaintiff(s) have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).[1]

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff are proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendant Humanitarian Emergency Response & Relief Center through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant to be served at the following address: New York City Law Department – Corporation Counsel of the City of New York / 100 Church Street, 4th Fl. / New York, NY 10007. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiff fail to do so.

**CONCLUSION**

The Clerk of Court is further instructed to complete the USM-285 forms for Humanitarian Emergency Response & Relief Center to be served at New York City Law Department – Corporation Counsel of the City of New York / 100 Church Street, 4th Fl. / New York, NY 10007 and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

DATED: August 13, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**